Reese, J.
delivered the opinion of the court.
The suit was brought against the defendant, the payee and endorser of a promissory note. The notarial protest is in due form, and was made on the 1st day of J une, 1838, being the third day of grace. On the back of the protest is a copy of the notice’, and also the following certificate of the notary:
“Notices deposited in the post office at Jackson, Ten. on the 1st June, 1838, by me, directed to the makers, Memphis, Ten. and to B. L. Holcomb and E. Pegram, Lagrange, Ten. also notices directed to J. H. Gillespie, at Memphis, Lagrange, and Mount Comfort, Ten. J. M. Johnson, Notary Public.”
The act of 1820, ch. 25, provides, that if the notary certify either in or on his protest that he has given notice of demand of payment and refusal, or the dishonor of a bill, promissory note or writing obligatory, to the endorsers, makers or others concerned, such protest shall be prima facie evidence of the fact of such notice: and the act of 1835, ch. 11, sec. 5, in quite gen *584 eral terms enacts that “the attestation, protestation, and other instruments of publication of the several notaries public of this State, shall and may be received in evidence in any court of record, or before any justice of the peace, in this State.”
The court charged the jury, that the'notary’s certificate that he had deposited notice in the post-office described, &c. would be insufficient to fix the fact of notice upon the endorsers, unless said certificate bore an even date with the protest, although it stated the notice to have been deposited in the post-office at the proper time. We are unable to discover in the acts of assembly above quoted, any warrant for the grounds upon which the Circuit Court places the case.'
The first act makes the certificate endorsed, prima facie evidence of the truth of what it imports, and if it shows that the notices were deposited in due time, and states that time in the body of the certificate, we are not to treat it as invalid because dt has not a formal date identical with, but departs from the date of the protest. The other act makes the attestation, protestation, and other instruments of publication of notaries public of this State, not prima facie evidénce only, but evidence in any court o,f record. The certificate endorsed, therefore, in this case, was evidence of the facts set forth in it. And so the Circuit Court should have charged.
Let the judgment be reversed, and a new trial be had.